UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PKGX INC. f/k/a TEA INC., | Civ. No.: 23-CV-5481 (DEH) |
| Plaintiff, | |
| -against- | |
| TIMOTHY LEWIS, | |
| Defendant. | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

The Parties have stipulated and agreed to entry of the following Agreed Confidentiality and Protective Order and, for good cause shown, the Court hereby enters the following Confidentiality and Protective Order ("Order").

1. This Order shall prospectively govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as "Confidential", or "Highly Confidential – Attorneys' Eyes Only", that has not been previously produced, shared or subpoenaed, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production pursuant to Federal Rules of Civil Procedure and Federal Rules of Evidence.

1

**Definitions of Confidential Material**

      2.      Confidential Material, as used in this Order, consists of the following materials and categories of materials:

> a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, internal design, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.), as well as non-public contracts; non-public compilations of prices; proprietary information; vendor agreements; personnel files and other employment records; claim/litigation information; and nonpublic policies and procedures shall be deemed "Confidential."
>
> b. Materials containing trade secrets, nonpublic research and development data, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and per any applicable case law interpreting Fed. R.Civ. P. 26(c)(1)(G) including, but not limited to, cost data, pricing formulas, inventory management programs, and other financial, sales, or business information not known to the public; materials that the producing party believes in good faith would, if disclosed to the opposing party/parties, would result in a competitive disadvantage in the market, information obtained from a non-party pursuant to a non-disclosure agreement or any subpoena until otherwise agreed to by all parties; and Protected Data shall be deemed "Highly Confidential – Attorneys' Eyes Only".
>
> c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded "Highly Confidential – Attorneys' Eyes-Only" material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall not designate as Confidential Material any information that is already public knowledge or that has already been shared with the opposing party/parties, experts, counsel for any of the parties or third parties unrelated to this litigation.

2

7766532
4891-8028-1806, v. 1

3.      The Confidential Material as described in Paragraph 2 shall be given the protection of this Order to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.  The parties agree that Confidential Information shares with another party may not be used for any purpose other than this litigation.

**Procedure for Designating Information as Confidential**

4.      To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The receiving party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

> a. Electronically stored information[1] ("ESI") (e.g., a native format production) may be designated Confidential Material by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The receiving party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.
>
> b. Information disclosed at any deposition of a party taken in this action may be designated by the party as Confidential Material by indicating on the record at the deposition that the information is Confidential Material and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as Confidential Material by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which

---

[1]     The parties shall abide by the ESI protocol detailed in the Joint Case Management Memorandum. See ECF Nos. 76, 83.

3

are designated as Confidential Material. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (12-13) below, the party who disclosed such information shall (a) advise such persons that the material is Confidential Material; and (b) give the producing party written assurance that step (a) has been completed.

**Data Security**

6. The Parties shall provide adequate security to protect data produced by the other party or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors, and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Order, will provide reasonable measures to protect

4

non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

**Clawback Provisions**

7. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738.

9. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or

5

any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

**Disclosure of Confidential or Highly Confidential– Attorneys' Eyes Only Information.**

12. *Confidential.* Any material designated Confidential and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties and/or party representatives, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

13. *Highly Confidential—Attorneys' Eyes Only.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action. Such material may not be disclosed to the parties, party representatives, or employees of a party.

14. *Restriction on Disclosure.* Subject to the above designations, Confidential Material shall not be disclosed to any persons other than parties to this action, their attorneys, and employees of the attorneys. No disclosure of Confidential Information may be made to third persons unless necessary to the prosecution or defense of this litigation, such as to witnesses in a deposition or at trial.

15. *Persons Receiving Confidential Information Must Sign Exhibit A.* All persons to whom Confidential or Highly Confidential – Attorneys' Eyes Only materials are disclosed, not including counsel of record for the parties, shall execute the Affidavit attached as **Exhibit A** prior to the

6

disclosure of Confidential Material, and shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order.

16. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Material, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the producing party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure to permit the producing party to understand and take appropriate steps. Each party and its counsel shall take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

**Authorized Uses of Confidential Material**

17. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits or for any other purpose whatsoever.

18. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

19. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

**Challenges to the Designation of Confidential Material**

20. Any party may move the Court to modify the designation of any documents or information produced in this litigation either to include additional protection with respect to confidentiality or to remove a confidential designation. Before making such a motion, the party shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material as originally designated by the producing party until the parties agree otherwise, or until the Court issues an order addressing the challenge or request, as applicable. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

**Confidential Material In Filings, Hearings, and Trial**

21. *Confidential Material in Filings.* A party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal) without written permission from the producing party or court Order secured after appropriate notice to all interested persons. A party that seeks to file under seal any Confidential Material must comply with Fed. R. Civ. 26(c) and F.R.E. 501 and 502. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings and in compliance with Standing Order No. 9.

22. *Manner of Sealing.* In the event Confidential Material or portions of transcripts are sealed as confidential by the Court or as described in the preceding paragraph, they shall be sealed and filed marked bearing the following designation:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY AND PROTECTIVE ORDER ISSUED BY THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON

OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

23. *Confidential Material in Hearings and Trial.* The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least three (3) days' advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court order to protect the Confidential Material. The notice requirement herein shall not apply to the use of Confidential Material at trial.

**Continuing Effect of this Order and Duty to Destroy**

24. This Order shall apply to all documents produced during this litigation after the date that this Order is signed and shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced shall, without further request or direction from the producing party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. The receiving party shall submit a written certification to the producing party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Material provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this

provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

**Procedure if Confidential Material Must be Produced**

25.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the receiving party, the receiving party shall give prompt written notice by hand or electronic transmission as soon as practicable, and in any event within fifteen (15) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the receiving party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the receiving party; or (b) released in writing by the party or non-party who designated the material as Confidential Material; or (c) the Demand is from a federal or state government entity or agency including but not limited to the Puerto Rico House of Representatives, Senate, Puerto Rico Department of Justice, among others. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the receiving party with any Order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

26.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

| | |
|---|---|
| **PORZIO, BROMBERG & NEWMAN, P.C.** | **SCARINCI HOLLENBECK LLC** |
| By: _Gary M. Fellner_ | By: _Jorge M. Marquez_ |
| Gary M. Fellner | Jorge M. Marquez, Esq. |
| 1675 Broadway, Suite 1810 | 519 8th Avenue, 25th Floor |
| New York, NY 10019 | New York, NY 10018 |
| Tel: 646-348-6722 | Tel: 212-286-0747 |
| gmfellner@pbnlaw.com | jmarquez@sh-law.com |
| *Attorneys for Plaintiff/Counterclaim-Defendant PKGX INC. f/k/a TEA INC.* | *Attorneys for Defendant/Counterclaim-Plaintiff Timothy Lewis* |

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: July 10, 2024
        New York, New York

**SO ORDERED,**

_/s/ Dale E. Ho_

Hon. Dale E. Ho, U.S.D.J.

**EXHIBIT A TO CONFIDENTIALITY AND PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PKGX INC. f/k/a TEA INC., <br><br> Plaintiff, <br><br> -against- <br><br> TIMOTHY LEWIS, <br><br> Defendant. | Civ. No.: 23-CV-5481 (DEH) |

**AFFIDAVIT OF COMPLIANCE WITH
CONFIDENTIALITY AND PROTECTIVE ORDER**

1. My name is _____ . I live at_____ . I am working on behalf (or at the direction and engagement) of_____ .

2. I am aware that a Confidentiality and Protective Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality and Protective Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as Confidential or Highly Confidential-Attorneys' Eyes Only pursuant to such Confidentiality and Protective Order ("Confidential Material") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Agreement. I hereby agree to abide by such Order, subject to all penalties prescribed therein. I promise that the documents and information given confidential treatment under the Confidentiality and Protective Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the

12

above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality and Protective Order may subject me to liability for any damages caused by my breach of the Confidentiality and Protective Order .

    4.  I shall not disclose nor permit to be reviewed or copied said Confidential Material, or any information derived from, by any person other than counsel for the parties or members of their staff as described in paragraphs 12 and 13 of the Confidentiality and Protective Order.

    5.  Within 30 days after the above-captioned lawsuit ends in a final non-appealable judgment or order, I agree to destroy all Confidential Material in my possession.

DATED: _____ , 2024

_____
Signature

_____
Printed Name